JANE CORIE, Appellant, v. JOSEPH J. THOMPSON, Appellant, and GENNARO J. JUSTINO, Respondent-Appellant. ROBERT J. CORIE, JR., as Guardian ad Litem of CHARLES K. CORIE, an Infant, Appellant, v. JOSEPH J. THOMPSON, Appellant, and GENNARO J. JUSTINO, Respondent-Appellant. ROBERT J. CORIE, JR., as Guardian ad Litem of ROBERT J. CORIE, 3d, an Infant, Appellant, v. JOSEPH J. THOMPSON, Appellant, and GENNARO J. JUSTINO, Respondent-Appellant. ROBERT J. CORIE, JR., Appellant, v. JOSEPH J. THOMPSON, Appellant, and GENNARO J. JUSTINO, Respondent-Appellant.— These actions were tried in Columbia County Supreme Court before the court and jury, the four plaintiffs having verdicts against both defendants. Defendant Thompson appeals from the judgments, including orders of the court denying his motions to set the verdicts aside and for new trials, in two of the cases the order denying the motions to set aside becoming operative when such plaintiffs stipulated to reductions of their verdicts. Motions of the defendant Justino to set aside the verdicts and for a new trial were granted, but his motions for the dismissal of the several complaints were denied. He appeals from that portion of the court's order denying the motions for dismissal. The several plaintiffs appeal from the order granting defendant Justino's motions to set their verdicts aside and granting new trials. The cases grow out of an accident on Route 9 H, a two-strip concrete highway in Columbia County, New York. It involved three automobiles, those of the two defendants and of plaintiff Corie, Jr., who was accompanied by his wife, Jane, and their two infant sons, plaintiffs in the three companion actions. The vehicle carrying plaintiffs was traveling in a southerly direction and those of defendants in a northerly direction. There was a sharp issue of fact between plaintiffs Corie and defendant Thompson as to the positions of their cars on the highway prior to the accident. The jury resolved these differences in favor of the plaintiffs, whose proof indicated that Thompson was traveling northerly in the westerly lane and somewhat ahead of Justino in the easterly lane. There was substantial concurrence among all witnesses as to the positions of the three machines immediately after the accident. Then, the Corie and Thompson autos were substantially within their respective lanes, the former headed southerly with its left front wheel slightly on the easterly lane and

the latter headed northerly with its right front wheel on the easterly shoulder of the highway. Justino's car, heading northerly, faced the Corie car with somewhat more than half of its width in the westerly lane. Corie stated that after his collision with Thompson he saw Justino ahead of and facing him, but he could not definitely state that there was contact between them, though there was evidence of a substantial meeting of these two vehicles. Justino, offering no proof, rested at the conclusion of defendant Thompson's case. An extract from his testimony at a motor vehicle hearing was read into the record to the effect that " He hit me on the left with such an impact that it destroyed the whole front." The evidence was insufficient to support the verdicts against Justino, justifying the court in setting them aside as contrary to the evidence and directing a retrial in the interests of justice. The order setting aside the verdict against defendant Justino is justified, also, on the ground that the court erred in instructing the jury that the jury could not apportion the damages between the defendants. On the proof, the jury could find that defendants were not joint tort-feasors but that they were successive tort-feasors and that successive injuries had been inflicted on plaintiffs, first by defendant Thompson and then by defendant Justino. The court's written message to the jury in response to its request, in any event an improper practice, was misleading in the above respect. The judgments and orders in favor of the four plaintiffs against defendant Thompson are affirmed, with costs to the respective plaintiffs. The order denying defendant Justino's motions to dismiss the several complaints and granting his motions to set the several verdicts aside and for new trials is affirmed, without costs to either party. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post,* p. 846.]